ANNIE BEDELL SNYDER *v.* HARRY GOLDSTEIN *et al.*

(No. 7842)

Submitted May 15, 1934. Decided June 5, 1934.

*McCabe & McCabe,* for appellant.

*Lively, Lively & Stambaugh,* for appellee Liberty Savings & Loan Co.

HATCHER, JUDGE:

This suit involves the application of a provision in a lease for its renewal.

On May 25, 1916, S. M. Snyder and wife executed a written lease for a building to Morris Marowitz. The term was for ten years beginning June 1, 1916, with the privilege of renewal upon the same rental for a further period of fifteen years if as the lease provides "such extension is acquired and made." Marowitz assigned the lease to defendant Harry Goldstein in 1918, with the written consent of Mr. Snyder. Goldstein assigned the lease to defendant Liberty Savings & Loan Company (hereinafter called the company) in 1923, as collateral security for a loan, to which assignment Mr. Snyder also assented in writing. Subsequently, Goldstein, after defaulting his payments on the loan, became a bankrupt. On May 25, 1926, the company notified Mr. Snyder in writing that it had that day purchased from Goldstein's trustee in bankruptcy, the unexpired portion of the lease and that it elected to accept the lease and would ask for its renewal for the fifteen-year period. Mr. Snyder made no reply in writing. He is now deceased. The secretary of the company testified that Mr. Snyder refused to accept the company as his tenant, saying he would not allow anyone but Goldstein to have that lease. It was then agreed, according to the witness, "that we instead of being purchaser, would loan Goldstein the money and he would retain the ownership of the lease, which was satisfactory to Mr. Snyder at the time", and that Goldstein never paid the company any rent. He remained in the property making certain adjustments in the rent with Mr. Snyder and paying the rent directly to him (through his bank) until February, 1931. No rental has been paid since that time. Plaintiff, as executrix of the Snyder estate, etc., brought this suit against both Goldstein and the company to recover rent accruing after February 1, 1931. A decretal judgment was entered against Goldstein but denied against the company. Mrs. Snyder appealed.

The appellant takes the position that by virtue of the purchase of the lease from the trustee in bankruptcy, the company became the lessee; that a new lease was not required for a renewal of the existing lease; that the lease was automatically extended for the further period of fifteen years by the written notice of May 25, 1926, given Mr. Snyder by the company; and that the company is liable for the unpaid rentals during such extension.

Appellant cites much sound law, but the citations do not apply to the facts. The phrase in the lease "if such extension is acquired and made" indicates that the privilege of renewal was not *ex parte*, but was to be sought by the lessee and granted by the lessor. The company did seek the extension, but according to the testimony of its secretary, the lessor refused to accept it as his tenant, demanding and receiving the continuation of Goldstein as his lessee. The appellant did not object to this testimony in the circuit court and makes no claim here that it is improper. It is not directly controverted, and is supported substantially by the proof that Goldstein made adjustments of the rent with the lessor and continued to pay the rent directly to him. Inferences from the evidence against the testimony of the secretary were brushed aside by the circuit court. We cannot say the court was wrong.

The judgment is accordingly affirmed.

*Affirmed.*